**\*NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BASIM HENRY,

        Plaintiff,

        v.

ESSEX COUNTY PROSECUTOR'S OFFICE, et al.

        Defendants.

Civil Action No. 16-8566 (JLL)

**OPINION**

**LINARES**, District Judge:

Presently before the Court is the complaint of Plaintiff, Basim Henry (ECF No. 1), as well as the motion to dismiss that complaint brought by the Essex County Prosecutor's Office (ECF No. 3), pursuant to Federal Rules of Civil Procedure 12(b)(6). Plaintiff has not filed a response to the motion. (ECF Docket Sheet). Because Plaintiff is a state prisoner who brings claims against governmental employees, this Court has the authority to screen his complaint pursuant to 28 U.S.C. § 1915A, under which the Court must dismiss Plaintiff's claims if they are frivolous, malicious, fail to state a claim for relief, or seek damages from a defendant who is immune. For the following reasons, this Court will grant the motion to dismiss, will dismiss the Essex County Prosecutor's Office from this matter with prejudice, and will dismiss Plaintiff's remaining claims without prejudice for failure to state a claim for which relief may be granted.

## I. BACKGROUND

On or about September 28, 2016, Plaintiff, Basim Henry, filed a complaint in the Superior Court of New Jersey, Law Division, Essex County, seeking to raise claims against various Defendants for violations of his constitutional rights. (ECF No. 1 at 2). Following service of the complaint, one of those Defendants, the Essex County Prosecutor's Office, removed that complaint to this Court as Plaintiff's complaint asserted claims over which this Court has jurisdiction, specifically Plaintiff's claims for violations of his federal constitutional rights under 42 U.S.C. § 1983. (*Id.*). The only other Defendant who is clearly named in the complaint, the Essex County Sheriff's Department, also consented to the removal. (*Id.*). The Essex County Prosecutor's Office now seeks the dismissal of Plaintiff's complaint as to the prosecutor's office, arguing that it is not a person subject to suit under § 1983 or its state court analogue, and that Plaintiff's claims under state criminal law are improperly brought.

In his complaint, Plaintiff provides only limited information about the nature of his claims. (Document 5 attached to ECF No. 3). Chiefly, Plaintiff asserts that, on December 21, 2013, the Essex County Prosecutor's Office and Sheriff's Department violated Plaintiff's "constitutional rights under the Fourth . . . and Fifth . . . Amendments [through the actions of] county prosecutor[s] and prosecutor subordinates; including detectives; for an illegal search and seizure, false arrest, false imprisonment, invasion of privacy, malicious prosecution and abuse of power in office, and official deprivation of civil rights; supported by New Jersey Statute 2C:30-6." (*Id.* at 2). In support of these assertions, Plaintiff provides only the following allegations:

   1.   [Defendants conducted an u]nlawful arrest of Plaintiff in

2

> violation of his Fourth . . . Amendment right to be free from an illegal search and seizure.
>
> 2. [Defendants u]nlawfully detained the Plaintiff in violation of his Fifth . . . Amendment right to due process, the right to be free of deprivation of life, liberty, and in violation of clearly established law, [*see*] *Harlow v. Fitzgerald*, 457 U.S. 800 [(1982)].
>
> 3. Defendants have subjected Plaintiff Basim Henry to personal injury, which has occurred during incarceration. These public servants have attributed to [Plaintiff's] injuries acting under the color of law veiled by their official capacity in office to deprive [Plaintiff] of his civil rights in their . . . illegal procedures[.] Defendant(s) know their conduct was unlawful, and have covered up their actions in preparing false reports, and have made false statements concerning the conduct which is being prosecuted.
>
> 4. The Plaintiff was deprived of his rights under the "color of law[,]" [18 U.S.C. §] 242, *inter alia*, as will be identified elsewhere within this complaint.

(*Id.* at 3-4).

## II. DISCUSSION

### A. Defendant's Motion to Dismiss

The Essex County Prosecutor's Office moves this Court to dismiss Plaintiff's claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6) because it is not a person subject to suit under 42 U.S.C. § 1983 and its state law counterpart, the New Jersey Civil Rights Act. In deciding a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n. 3 (3d Cir. 2014) (quoting *Phillips v. Cnty. of*

3

*Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss for failure to state a claim, a complaint must allege "sufficient factual matter" to show that its claims are facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Dempster*, 764 F.3d at 308 (quoting *Iqbal*, 556 U.S. at 678).

In his complaint, Plaintiff seeks to raise claims against the Essex County Prosecutor's Office, the Essex County Sheriff's Department, and various unnamed employees of those organizations[1] for violations of his federal constitutional rights, apparently pursuant to 42 U.S.C. § 1983. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (section 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]"). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right

---

[1] According to documents filed in this matter, Plaintiff apparently served numerous other individuals before this matter was removed to this Court. (*See* ECF No. 4). Plaintiff, however, does not name any of these individuals as Defendants in his complaint, and has not explained how they were involved in any of his claims. Thus, although these others were served with copies of the complaint, they are not currently before this Court as Defendants, save potentially as John Doe Defendants included amidst the unnamed subordinates of the Office and Department.

4

said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)). Although he provides few factual allegations, Plaintiff, in his complaint, appears to be attempting to raise claims for illegal search and seizure, false arrest, false imprisonment, invasion of privacy, and malicious prosecution. Although it is not clear from the complaint, Plaintiff may also be seeking to raise analogous claims under § 1983's state law equivalent, the New Jersey Civil Rights Act, which permits individuals to seek redress for violations of their state constitutional rights by persons acting under color of New Jersey Law. *See Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 443-44 (D.N.J. 2011); *see also* N.J. Stat. Ann. § 10:6-2. As the New Jersey Civil Rights Act is generally interpreted in a nearly identical fashion to § 1983, claims under the Act are generally subject to the same defenses and immunities as claims brought pursuant to § 1983.

Defendant, the Essex County Prosecutor's Office, argues that Plaintiff's § 1983 and NJCRA claims against it must be dismissed with prejudice as the Office is not a "person" subject to suit under either statute. Both the NJCRA and § 1983 permit actions only against "persons" who are acting under color of state law. *See, e.g., Grohs v. Yatauro*, 984 F. Supp. 2d 273, 280 (D.N.J. 2013); *Brown v. State*, 442 N.J. Super. 406; 426 (App. Div. 2015). A prosecutor's office, when engaged in its law enforcement and investigative roles, is considered to be a state agency and is therefore not a "person" subject to suit under either statute, which results in a prosecutor's office being immune from suit under § 1983 and the NJCRA for actions relating to the prosecutor's law enforcement and criminal investigatory actions. *See Estate of Lagano v. Bergen Cnty. Prosecutor's Office*, 769 F.3d 850, 854-55 (3d Cir. 2014); *Evans v. City of Newark*, No. 14-120,

2016 WL 2742862, at *9-10 (D.N.J. May 10, 2016). As all of Plaintiff's claims against the Essex County Prosecutor's Office are based on the office's investigative and prosecutorial functions in so much as they are all related to the office's investigation into, arrest, and prosecution of Plaintiff, the Office is not a person subject to suit for the purposes of Plaintiff's claims, and Plaintiff's NJCRA and § 1983 claims against the Office must be dismissed with prejudice at this time. *Lagano*, 769 F.3d at 854-55; *Evans*, 2016 WL 2742862 at *9-10.

The Essex County Prosecutor's Office also argues that, to the extent Plaintiff seeks to bring claims under certain criminal statutes, specifically N.J. Stat. Ann. § 2C:30-6 and 18 U.S.C. § 242, those claims must be dismissed with prejudice as Plaintiff has no authority to bring criminal prosecutions under either statute. While § 1983 provides a civil remedy for violations of a plaintiff's civil rights, 18 U.S.C. § 242 "establishes *criminal* liability for certain deprivations of civil rights[; a p]laintiff cannot bring criminal charges against defendants [under the statute] through a private lawsuit." *Figueroa v. Clark*, 810 F. Supp. 613, 615 (E.D. Pa. 1992). Thus, where a plaintiff seeks to bring a private cause of action under § 242, such a claim must be dismissed as frivolous. *Id.*; *see also Rodriguez v. Salus*, 623 F. App'x 588, 589 n. 1 (3d Cir. 2015) (private plaintiffs have no right to initiate or require the government to initiate criminal prosecution under § 242, and any such claim brought by a private plaintiff must be dismissed). To the extent Plaintiff sought to raise a claim against any Defendant under § 242, rather than under § 1983, that claim must be dismissed with prejudice.

To the extent that Plaintiff has sought to raise a claim under N.J. Stat. Ann. § 2C:30-6, the Court notes that "private citizens are generally not allowed to enforce the state penal laws, and [v]iolations of these laws 'are left to the agencies charged with the enforcement of the criminal

law." *Wilson v. Somerset Cnty. Prosecutor's Office*, No. 15-6034, 2016 WL 1090811, at *10 n. 12 (D.N.J. Mar. 21, 2016) (quoting *Mannarino v. Deutsche Bank Nat. Trust Co.*, No. 14-7771, 2015 WL 5383995, at *3 (D.N.J. Sept. 14, 2015)). Although a state criminal statute may at times be construed to imply a private cause of action, a plaintiff will only be allowed to maintain such an action where the criminal statute and related legislative materials suggest the state legislature intended such an implication.

The state statute at issue here, § 2C:30-6, creates a criminal offense which occurs where a

> public servant acting or purporting to act in an official capacity. . . knowing that his conduct is unlawful, and acting with the purpose to intimidate or discriminate against an individual or group of individuals because of race, color, religion, gender, handicap, sexual orientation or ethnicity . . . subjects another to unlawful arrest or detention , including, but not limited to, motor vehicle stops, search, seizure, dispossession, assessment, lien or other inforingement of personal or property rights; or denies or impedes another in the lawful exercise or enjoyment of any right, privilege, power or immunity.

N.J. Stat. Ann. § 2C:30-6. This Court is aware of no New Jersey state court which has found an implied private cause of action under the statute, and it does not appear from either the text of the statute or its legislative history that any such private cause of action was intended. Indeed, given the existence of private causes of action under the NJCRA and similar statutes for violations of a citizen's rights by those acting under color of state law, it is doubtful that any such private cause would be necessary as the statute appears to have been created merely to create a criminal penalty to coincide with the NJCRA's civil cause of action for certain egregious examples of actionable denials of constitutional rights.

In any event, even if the Court were to assume *arguendo*, that the statute did imply a private cause of action, Plaintiff has failed to plead any such claim. As the text of the statute indicates, the statute applies only to deprivations of one's rights undertaken with "the purpose to intimidate or discriminate" against an individual or group because they belong to a certain protected class. *Id.* Plaintiff has pled no facts suggesting that any of the alleged violations of his rights arose because of his belonging to such a class, nor has he pled any facts suggesting that his rights were violated because of any such improper motive. Thus, even if the statute does imply a private cause of action, Plaintiff has failed to plead such a claim, and any such claim must be dismissed without prejudice at this time. Thus, all of Plaintiff's claims against the moving Defendant, the Essex County Prosecutor's Office, will be dismissed, and Defendant's motion shall be granted.

### B. The Sufficiency of Plaintiff's Complaint

Although all of Plaintiffs claims are dismissed as to the Prosecutor's Office, Plaintiff's complaint also asserts claims against the Essex County Sheriff's Department, which apparently has yet to be served, and against numerous unnamed subordinates of both the Prosecutor's Office and the Department. Even though the filing fee in this matter was paid by the Prosecutor's Office when it removed the action to this Court, because Plaintiff is a state prisoner raising claims against various governmental entities and employees, this Court retains the authority to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. *See, e.g., Williams v. Marino*, No. 08-792, 2008 WL 2247090, at *3 (M.D. Pa. May 30, 2008). Pursuant to the statute, this Court must dismiss Plaintiff's claims *sua sponte* if they are frivolous, malicious, fail to state a claim for relief, or seek damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-(2).

8

The "legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A is identical to the legal standard employed in ruling on" a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008). This Court must therefore dismiss a plaintiff's claims under the statute where the plaintiff fails to allege "sufficient factual matter" to show that his claims are facially plausible on their face, and the Court should dismiss a complaint where it offers nothing more than labels or conclusions, or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678; *Fowler*, 578 F.3d at 210. While *pro se* pleadings must be liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

While Plaintiff provides a litany of claims he wishes to raise in the few short paragraphs he includes in his complaint, Plaintiff has utterly failed to provide any factual allegations in support of those claims. Plaintiff does not detail what the alleged illegal search and seizure at issue was, how it resulted in a false arrest or imprisonment, how he was injured while incarcerated, how the Defendants were responsible for that injury, or any other details which would permit the plausible inference that Defendants are responsible for a violation of his federal or state rights. Plaintiff has thus provided nothing more than a string of conclusory allegations, devoid of supporting factual allegations, and has therefore failed to provide sufficient factual support to make out a plausible claim relief. As such, all of Plaintiffs remaining claims must be dismissed for failure to state a claim for which relief may be granted. *Iqbal*, 556 U.S. at 678. Thus, Plaintiff's complaint will be dismissed in its entirety.

## III. CONCLUSION

For the reasons stated above, this Court will GRANT Defendant's motion, will dismiss Plaintiff's § 1983 and NJCRA claims against the Essex County Prosecutor's Office with prejudice, will dismiss Plaintiff's 18 U.S.C. § 242 claim with prejudice as to all Defendants, and will dismiss all of Plaintiff's remaining claims without prejudice. An appropriate order follows.

Hon. Jose L. Linares,
United States District Judge